J-S31010-24

2024 PA Super 289

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
EDWARD E. RATLIFF   :
  :
Appellant   :   No. 910 EDA 2023

Appeal from the Judgment of Sentence Entered November 14, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0004411-2021

BEFORE:  BOWES, J., McLAUGHLIN, J., and BECK, J.

CONCURRING OPINION BY BECK, J.:      **FILED DECEMBER 05, 2024**

I join the learned Majority's opinion in full.  I write separately to further address Ratliff's claim that he did not commit "second or subsequent" offenses for purposes of the mandatory minimum sentencing provision set forth at 18 Pa.C.S. § 6111(h).

Ratliff's argument ignores the statutory text in favor of a policy argument.  In advancing his claim, he attempts to invoke the "recidivist philosophy," which broadly holds that the applicability of enhanced penalties for repeat conduct requires first that the offender had an opportunity to reform.  Ratliff maintains that this opportunity was lacking here because his "actions constituted a single criminal episode as the two incidents were closely related in time."  Ratliff's Brief at 34.  Relatedly, he characterizes the underlying criminal conduct supporting his convictions as flowing from "one

act – the filling out of the mandated forms[.]" *Id.* at 35. Ratliff cites two cases interpreting 42 Pa.C.S. § 9714, *Commonwealth v. Leverette*, 911 A.2d 988 (Pa. Super. 2006), and *Commonwealth v. Shiffler*, 879 A.2d 185, 196 (Pa. 2005), as analogous to section 6111(h).

The fundamental flaw in Ratliff's presentation is the notion that there is a global sentencing policy to follow when interpreting statutes calling for enhanced sentences based on the existence of earlier criminal conduct and/or convictions. "However, '[t]he recidivist philosophy, while a valid policy, is not the only valid sentencing policy, nor is it a constitutional principle or mandate,' and the legislature is free to enact a statute 'which clearly expresses a different application.'" *Commonwealth v. Jarowecki*, 985 A.2d 955, 961–62 (Pa. 2009) (quoting *Shiffler*, 879 A.2d at 196). My review of the text of section 6111(h) reflects that our General Assembly has done so here.

The Statutory Construction Act[1] states that when interpreting a statute, our task is "to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). The key question is whether the statute is ambiguous. *Id.* § 1921(b). If so, we may then look to the spirit or policy aims, such as, for example, the purported goal to impose an enhanced penalty only if the offender had an appreciable opportunity to reform, in ascertaining intent. *See id.* § 1921(c). In the absence of an ambiguity, we must apply the letter of

_____

[1] 1 Pa.C.S. §§ 1501-1991.

the law and may not disregard it in pursuit of its spirit. *Id.* § 1921(b). Statutory interpretation presents a pure question of law, and our standard of review is de novo. *Commonwealth v. Gamby*, 283 A.3d 298, 304 (Pa. 2022).

The pertinent portion of section 6111(h) states: "A second or subsequent violation of this section shall be a felony of the second degree. A person who at the time of sentencing has been convicted of another offense under this section shall be sentenced to a mandatory minimum sentence of imprisonment of five years." 18 Pa.C.S. § 6111(h)(1). The plain text clearly conditions application of the statute on whether, "at the time of sentencing," the offender "has been convicted of another [section 6111] offense[.]" The relevant question is thus whether, at the moment in time when the trial court imposes a sentence for a violation of section 6111, the defendant has been convicted of more than one section 6111 offense. In sequential terms, a conviction at count one is the first violation, which triggers the mandatory minimum sentence for all "second or subsequent" violations. The statute therefore leaves no room to determine whether the separate violations could be deemed to be part of one large criminal episode. The statute unambiguously forecloses Ratliff's argument, and he does not claim otherwise.

That this text straightforwardly means what it says is illustrated by *Commonwealth v. Coleman*, 285 A.3d 599 (Pa. 2022). There, defendant Demetrius Coleman fled from police and crashed into a vehicle, killing all three

occupants.  Coleman was convicted of three counts of homicide in the third degree, and the Commonwealth sought a mandatory term of life imprisonment pursuant to a statute stating, in pertinent part, that "any person convicted of murder of the third degree in this Commonwealth who has previously been convicted at any time of murder … shall be sentenced to life imprisonment[.]" 42 Pa.C.S. § 9715(a).

Coleman argued that the statute did not apply because the deaths occurred, at most, minutes apart and resulted from one single act.  Coleman also alleged that the statutory term "previous" must mean at a time other than the criminal proceeding at which he was sentenced.  The Commonwealth offered that the plain language required the mandatory sentence since, at the time Coleman was sentenced on the second and third homicide counts, he had, in fact, been previously convicted of murder at count one.

The High Court agreed with the Commonwealth.  "Indeed, through use of the terms 'at any time,' the General Assembly made clear that there is no limitation relative to a person's previous conviction that would preclude application of the sentencing enhancement insofar as it concerns Section 9715(a)." *Coleman*, 285 A.3d at 609.  The Court "emphasize[d] that the General Assembly spoke only in terms of convictions[.]" *Id.*  It continued, observing that the language differs from other statutes, such as the one examined in *Shiffler*, wherein the General Assembly imposed enhanced sentences only if the offender had previously been convicted "at the time of

the commission of the current offense." *Id.* at 610 (quoting 42 Pa.C.S. § 9714(a)(1)).

As in *Coleman*, the statute here looks to the person's status at the time of sentencing. *See* 18 Pa.C.S. § 6111(h). As the *Coleman* Court explained:

> The word "convicted" or "convict" means "to find or declare guilty of an offense or crime by the verdict or decision of a court or other authority." … In view of these definitions, the first portion of the key phrase in Section 9715(a) (*i.e.*, "who has previously been convicted") dictates that the sentencing enhancement applies to any person convicted of third-degree murder who has been found or proven guilty of murder before in time.

*Id.* at 608 (some citations omitted).[2]

As my distinguished colleagues rightly conclude, "the existence of a conviction is what matters … not the timing of when the conduct charged occurred." Majority Op. at 19. Accordingly, I agree he is entitled to no relief on this claim.

---

[2] I recognize that section 6111(h) differs from the section 9715(a) statute analyzed in *Coleman* in several respects, including the absence of the phrase "previously been convicted" and the inclusion of the phrase "at the time of sentencing." In my view, there is no meaningful difference between "has previously been convicted" and "has been convicted." If anything, "has been convicted," being written in the present perfect tense, even more clearly reflects legislative intent because it refers to an ongoing situation. *See* 1 Pa.C.S. § 1903(a) ("Words and phrases shall be construed according to rules of grammar and according to their common and approved usage[.]").